## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANDREW BROWN,**<br>**TDCJ No. 01612077,** | § <br> § <br> § | |
| **Petitioner,** | § <br> § <br> § | |
| **v.** | § <br> § | **CIVIL NO. SA-25-CA-0307-XR** |
| **ERIC GUERRERO, Director,**<br>**Texas Department of Criminal Justice,**<br>**Correctional Institutions Division,** | § <br> § <br> § <br> § <br> § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Andrew Brown's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6), Respondent Eric Guerrero's Answer (ECF No. 11), and Petitioner's Reply (ECF No. 12) thereto. Petitioner challenges the constitutionality of his 2012 state court conviction for aggravated sexual assault, arguing, among other things, that the evidence was insufficient to support a conviction. In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

### I.  Background

In October 2012, Petitioner plead guilty in Gonzales County to one count of aggravated sexual assault and was sentenced, pursuant to the plea agreement, to forty-five years of

imprisonment. *State v. Brown*, No. 200-10-CR (25th Dist. Ct., Gonzales Cnty., Tex. Oct. 15, 2012).[1] Pursuant to the plea agreement, Petitioner judicially confessed to committing the offense and waived his right to appeal.[2] As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief on June 1, 2014, at the earliest.[3] *Ex parte Brown*, No. 81,954-01 (Tex. Crim. App.).[4] The Texas Court of Criminal Appeals denied this application without written order on October 7, 2015.[5] Petitioner later filed a second state habeas application challenging his underlying conviction on July 17, 2023, which was ultimately dismissed by the Texas Court of Criminal Appeals on December 13, 2023, as abusive pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Brown*, No. 81,954-03 (Tex. Crim. App.).[6]

Thereafter, Petitioner's original unsigned and undated federal habeas petition was filed on March 24, 2025.[7] Petitioner's amended federal petition followed shortly thereafter.[8]

---

[1]     ECF No. 10-1 at 31-37 (Plea Agreement), 41-42 (Judgment).

[2]     *Id*. at 39.

[3]     Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing). Petitioner indicated only that his application was filed "June, 2014," thus the earliest date it could have been placed in the prison mail system was the first of the month. (ECF No. 10-1 at 22).

[4]     ECF No. 10-1 at 5-22.

[5]     ECF No. 10-2.

[6]     ECF Nos. 10-17 at 5-20, 10-22.

[7]     ECF No. 1 at 15.

[8]     ECF No. 6 at 15.

## II.  Timeliness Analysis

Respondent contends the allegations raised in Petitioner's amended federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final on November 14, 2012, when the time for appealing the judgment and sentence expired.  *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on November 14, 2013.  Because Petitioner did not file his initial § 2254 petition until March 24, 2025—over eleven years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

### A.    Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant conviction by filing two applications for state post-conviction relief, the first of which was filed in June 2014. But as discussed previously, Petitioner's limitations period for filing a federal petition expired in November 2013. Because the state habeas applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, initially filed in March 2025, is still over eleven years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Neither Petitioner's amended § 2254 petition nor his reply brief provide a valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application

of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Again, Petitioner's conviction became final in November 2012, yet he did not file the first of his state habeas corpus applications challenging the underlying guilty plea until June 2014. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner then waited over seven years after the denial of his first state habeas application in October 2015 before filing his second state habeas application in July 2023 raising the claims contained in the instant § 2254 petition.[9] And upon the dismissal of his second state habeas application in December 2023, Petitioner then waited another fifteen months before filing his initial federal petition in this Court. Petitioner provides no reasonable justification for any of these extensive delays.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### C.      **Actual Innocence**

Finally, Petitioner appears to argue that his untimeliness should be excused because of the actual-innocence exception. (ECF No. 12 at 4). In *McQuiggin*, 569 U.S. at 386, the Supreme

---

[9]      Although Petitioner did file a request for mandamus relief in May 2017, the request was quickly denied a few months later without a written order. *Ex parte Brown*, No. 81,954-02 (Tex. Crim. App.); (ECF No. 10-14, 10-15).

Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, a petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Though difficult to decipher, Petitioner seems to argue that the insufficient evidence arguments raised in his amended § 2254 petition also establish his innocence of the charged offense. However, such conclusory assertions do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Petitioner's barebones allegation of "innocence," unsupported by any argument or evidence from the record, is insufficient, particularly in light of his guilty pleas. As such, the

6

untimeliness of his federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[10]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that

---

[10] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by well over eleven years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's amended § 2254 petition (ECF No. 6) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED**, and Petitioner Andrew Brown's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 18th day of February, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE